1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YONG GUO,

                            Petitioner,

        v.

UNITED STATES OF AMERICA,

                            Respondent.

Case No. C19-0560-JLR-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Yong Guo is currently in DHS/ICE custody at the Northwest Detention Center in Tacoma, Washington.  He has presented to this Court for consideration a motion for writ of habeas corpus in which he seeks to vacate his convictions under cause number CR 15-023-MJP. Petitioner indicates in his motion that this challenge to his 2015 convictions is not being brought under 28 U.S.C. § 2255, but is instead being brought as a "general" motion for writ of habeas corpus.  The Court therefore construes petitioner's submission as a petition for writ of habeas corpus under 28 U.S.C. § 2241 and concludes that this Court lacks jurisdiction to consider it.

DISCUSSION

On February 6, 2015, petitioner, a citizen of the People's Republic of China, pleaded guilty

REPORT AND RECOMMENDATION
PAGE - 1

1    in this District to charges of smuggling firearms from the United States to China and other

2    countries in violation of 18 U.S.C. § 554, and using false information on postal documents in

3    violation of 18 U.S.C. § 1342.  (*See* CR15-023-MJP, Dkts. 4, 5, 6.)  Petitioner was sentenced on

4    May 8, 2015 to a term of 36 months confinement to be followed by three years of supervised

5    release.  (*Id*., Dkts. 19, 20.) Petitioner completed the custodial portion of his sentence on December

6    15, 2017, and he was immediately transferred to DHS/ICE custody.  (*See* Dkt. 4 at 2.)

7        On July 16, 2018, petitioner filed a motion to vacate his conviction and sentence under 28

8    U.S.C. § 2255.  (*See* C18-1055-MJP, Dkt. 1.)  Petitioner identified the following seven grounds

9    for relief in his motion:  (1) ineffective assistance of his retained counsel, Russell M. Aoki; (2)

10   violations of the Fourth Amendment; (3) forged evidence; (4) hearsay, lies, and lack of factual

11   proof; (5) false allegations; (6) misleading the court; and (7) violations of equal protection.  (*Id*.,

12   Dkt. 1 at 2-3.)  On October 5, 2018, petitioner's motion to vacate his conviction and sentence was

13   denied on the grounds that the motion was both time-barred and meritless.  (*Id*., Dkt. 21.)

14   Petitioner thereafter filed a notice of appeal, but he was denied a certificate of appealability.  (*Id*.,

15   Dkts. 24, 27, 28.)

16       On April 15, 2019, one month after the Ninth Circuit denied petitioner's request for a

17   certificate of appealability in his § 2255 proceedings (*see id*., Dkt. 28), petitioner filed the instant

18   petition under § 2241 (Dkt. 4).  Petitioner indicates in his petition that he is seeking to vacate his

19   2015 convictions on the grounds that his former defense attorney, Mr. Aoki, rendered

20   constitutionally deficient assistance of counsel in his criminal case, and that the United States

21   Government repeatedly breached the plea agreement entered into in that case during the course of

22   petitioner's subsequent immigration proceedings.  (Dkt. 4 at 3-14.)  Petitioner asks that his plea

23   agreement be withdrawn and that his two convictions be vacated.  (*Id*. at 15.)

REPORT AND RECOMMENDATION
PAGE - 2

1    "In general, § 2255 provides the exclusive procedural mechanism by which a federal

2    prisoner may test the legality of his detention."  *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir.

3    2003) (quoting *Lorentsen* v. *Hood*, 223 F.3d 950, 953 (9th Cir. 2000)).  Section 2255 allows a

4    federal prisoner claiming that his sentence was imposed "in violation of the Constitution or laws

5    of the United States" to "move the court which imposed the sentence to vacate, set aside or correct

6    the sentence."  28 U.S.C. § 2255(a).  In contrast, § 2241 provides an avenue for prisoners to

7    "challenge the manner, location, or conditions of a sentence's execution[.]"  *Hernandez v.*

8    *Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

9    There is a narrow exception to the general rule that challenges to the legality of a sentence

10    must be filed under § 2255, a so-called "escape hatch," which permits a prisoner to proceed under

11    § 2241 if he can show that the remedy available under § 2255 is "inadequate or ineffective to test

12    the validity of his detention."  *See* 28 U.S.C. § 2255(e); *Ivy*, 328 F.3d at 1059.  "A remedy is not

13    inadequate or ineffective under section 2255 merely because the sentencing court denied relief on

14    the merits."  *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988).  Likewise, relief under §

15    2255 is not "inadequate or ineffective" merely because § 2255's time-bar and other gatekeeping

16    provisions prevent a prisoner from filing a motion in the sentencing court.  *Ivy*, 328 F.3d at 1059

17    (citing *Lorentsen*, 223 F.3d at 953).

18    In order to challenge a conviction or sentence under § 2241 on the grounds that the remedy

19    available under § 2255 is "inadequate or ineffective," a petitioner must demonstrate that he: "(1)

20    [is] factually innocent of the crime for which he has been convicted; and (2) has never had an

21    'unobstructed procedural shot' at presenting this claim."  *Id*. at 1059-60

22    Petitioner has already filed one motion under § 2255 seeking to vacate his 2015 convictions

23    and, as noted above, that motion was denied as both time-barred and meritless.  (*See* C18-1055-

REPORT AND RECOMMENDATION
PAGE - 3

MJP, Dkt. 21 at 6.)  Any subsequent § 2255 motion would therefore be successive, in addition to being time-barred.  This is no doubt the reason petitioner insists that his current submission is not a motion under § 2255 despite the fact that the relief he seeks falls clearly within the ambit of that statutory provision.  Petitioner fails, however, to demonstrate that the remedy available under § 2255 is inadequate or ineffective to test the validity of his convictions or resulting detention.[1]  This Court therefore lacks jurisdiction to consider petitioner's challenges to his convictions under § 2241.

The Court notes as well that, to the extent petitioner complains about the manner in which the government used his plea agreement in his subsequent immigration proceedings, he is effectively challenging his removal order which he may not do under § 2241.  *See, e.g.*, *Martinez v. Napolitano*, 704 F.3d 620, 622-23 (9th Cir. 2012) (district courts lack jurisdiction over claims that challenge "the procedure and substance of an agency determination that is inextricably linked to the order of removal," whether the challenge is direct or indirect).

<u>CONCLUSION</u>

Based on the foregoing, this Court recommends that petitioner's federal habeas petition be dismissed because the Court lacks jurisdiction to consider it.  This Court further recommends that petitioner's pending application for court appointed counsel be denied as moot.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

---

[1] As explained above, the fact that § 2255's time-bar and other gatekeeping provisions would prevent petitioner from filing a second or successive petition does not render the remedy under § 2255 inadequate or ineffective.

REPORT AND RECOMMENDATION
PAGE - 4

1   and Recommendation is signed.  Failure to file objections within the specified time may affect

2   your right to appeal.  Objections should be noted for consideration on the District Judge's motions

3   calendar for the third Friday after they are filed.  Responses to objections may be filed within

4   **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be

5   ready for consideration by the District Judge on **June 7, 2019**.

6           DATED this 15th day of May, 2019.

7

8                                        Mary Alice Theiler

9                                        United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION
PAGE - 5